1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAMION E. GRISSOM,

              Plaintiff,

     v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION,

              Defendant.

Case No. 22-cv-06024-JSW

**ORDER OF DISMISSAL**

**INTRODUCTION**

Plaintiff, an inmate in the Sonoma County Jail, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the California Department of Corrections and Rehabilitation ("CDCR"). He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the case is DISMISSED for failure to state a cognizable claim for relief.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

1    which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although

2    in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

3    obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and

4    conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

5    Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

6    *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

7    must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

8        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1)

9    that a right secured by the Constitution or laws of the United States was violated, and (2) that the

10   alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*,

11   487 U.S. 42, 48 (1988).

12                                    **DISCUSSION**

13       Plaintiff claims that the CDCR notified him of a security breach in their computer system

14   that may have resulted in the leak of his personal medical information.  Plaintiff alleges that his

15   credit, housing, public benefits, and employment prospects may have been adversely affected as a

16   result.  The CDCR is the sole Defendant.

17       Plaintiff fails to state a claim upon which relief may be granted.  First, the Eleventh

18   Amendment bars from the federal courts suits against the CDCR for money damages, which

19   Plaintiff seeks.  *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009).  Second,

20   Plaintiff does not cite, and the Court is not aware of, any constitutional right or other federal law

21   that the security breach violated that provides Plaintiff with a cognizable cause of action.  *See*

22   Acara v. Banks, 470 F.3d 569, 571–72 (5th Cir. 2006) (the Health Insurance Potability and

23   Accountability Act ("HIPAA") does not provide a private cause of action).

24   //

25   //

26

27

28

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, the case is DISMISSED for failure to state a claim upon which relief may be granted.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December 8, 2022

_____

JEFFREY S. WHITE
United States District Judge

3